UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. CANATELLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REVERSE MORTGAGE SOLUTIONS INC, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-05937-HSG<br><br>**ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 62 |

Pending before the Court is Plaintiff's motion for leave to file a third amended complaint. Dkt. No. 62. For the foregoing reasons, Plaintiff's motion is GRANTED.

**I.   LEGAL STANDARD**

"A party seeking a second or successive amendment 'may amend its pleading only with the opposing party's written consent or the court's leave.'" *KFD Enterprises, Inc. v. City of Eureka*, No. C-08-4571 MMC, 2011 WL 1750783, at *1 (N.D. Cal. Apr. 22, 2011) (quoting Fed. R. Civ. P. 15(a)).

Granting or denying leave to amend a complaint is in the Court's discretion, *Cal. v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Rule 15 advises the court that 'leave shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). "This policy is to be applied with extreme liberality." *Id*. (internal quotation marks omitted).

When considering whether to grant leave, courts examine these factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether

1  plaintiff has previously amended his complaint." *Sisseton-Wahpeton Sioux Tribe v. United States*,
2  90 F.3d 351, 355-56 (9th Cir. 1996) (per curiam).

## II. ANALYSIS

The Court finds that leave to amend is appropriate in this action. Although the case has been pending for several months, the proceeding remains in the early stages of litigation. The parties have not incurred significant costs, discovery has yet to begin, and dispositive motions have not been filed. *See, e.g.*, *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of plaintiff's motion for leave to amend where amendment would have added "causes of action which would have required further discovery, which was to close five days after the motion to amend was filed"); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint").

Although Plaintiff previously amended its complaint, the Court finds no dilatory motive on Plaintiff's part in seeking leave to amend. *See Estate of Macias v. Waste Mgmt. Holdings, Inc.*, No. C 14-01532 WHA, 2014 WL 2938366, at *2 (N.D. Cal. June 27, 2014) (granting leave to amend although plaintiff had previously amended its complaint where the record indicated that plaintiffs had not acted in bad faith and there was no undue delay); *Mitchell v. City of Pittsburg*, No. C 09-00794 SI, 2009 WL 3710615, at *2 (N.D. Cal. Nov. 4, 2009). Moreover, any risk of prejudice to opposing party is low, given the similarity between the previously alleged claims and the proposed claims to be added. *See Serpa v. SBC Telecomms., Inc.*, 318 F.Supp.2d 865, 872 (N.D. Cal. 2004) (finding no substantial prejudice where "defendants need not radically change their litigation strategy in order to accommodate the proposed ERISA claims").

\\
\\
\\
\\
\\

In light of Rule 15's liberal standard, the Court **GRANTS** Plaintiff's motion for leave to file a third amended complaint. Plaintiff should file any amended complaint within three days of this order.

**IT IS SO ORDERED.**

Dated: 2/9/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

3